## TEXARKANA ELECTRIC CO. v. PUTCH.
### No. 4241.

Court of Civil Appeals of Texas. Texarkana.
Sept. 22, 1932.

88

S. H. Mayes, of Little Rock, Ark., and Rodgers & Rodgers, of Texarkana, for appellant.

S. P. Jones and Franklin Jones, both of Marshall, and Keeney & Moseley, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

The points on appeal complain (1) of submitting to the jury special issues 1 to

6, as being without any evidence to warrant or support them, and (2) the contributory negligence of the appellee was the proximate cause of his injury, and (3) the amount of damages awarded is excessive. Issues 1, 2, and 3, as may be observed, require at the hands of the jury the finding, first, of the existence or not of the giving of adequate warning of the approach of the truck, and, then, of whether or not the failure to give such warning constituted negligence proximately causing injury to appellee. While the law does not make the driver of a motor vehicle upon the public street or highway an insurer against injury which may happen in consequence of his being there, yet it demands of him the exercise of what is described to be reasonable or ordinary care. This degree of care is a care and foresight commensurate with the danger to others which attend the particular situation. In this particular case there was evidence going to show, and at least raising the issue, that the driver of the truck endeavored to drive between the street car and the parked automobile while the street car was stopped. The passageway between the parked automobile and the street car while it was at a standstill was admittedly so narrow as to render the act of attempting to drive the truck between them dangerous, especially to the appellee, who at the time was standing by the automobile, completely absorbed, as may be inferred, in his work of putting oil in the automobile. The driver of the truck saw the appellee putting the oil in the automobile. The circumstances appear such as to require the driver of the truck to give timely warning of an adequate nature to the appellee of his intention to pass. He owed to the latter the duty of exercising reasonable care to avoid injuring him while making the attempt. There is no evidence that the truck driver did blow the horn or otherwise give warning of his approach and attempt to pass. There is affirmative evidence that the driver did not blow the horn or give warning as he attempted to pass. The evidence is simply undisputed that the driver did not blow the horn or give any warning. The issues as submitted were therefore relevant to a particular matter in respect to which some evidence had been given. It may not be said there was error in giving an instruction or submitting an issue to the jury having no basis or foundation in the evidence in the case.

■ The other issues of negligence complained of likewise involve the use of reasonable care under the circumstances. There is evidence going to show that the truck driver did not attempt to drive between the street car and the parked automobile while the street car was at a standstill. But there is evidence to the contrary, and that the street car was stopped and at a standstill, and the truck driver attempted to drive between the parked automobile and the street car, striking the appellee while making the attempt. There was affirmative evidence that there was not sufficient room or space between the parked automobile and the street car when at a standstill for a truck to safely pass without striking appellee, standing at the place he was.

■ The issue of contributory negligence vel non was, it is thought, in the circumstances appearing purely a matter for decision by the jury. There was evidence going to show that the appellee was intent upon the work he was doing and did not know of the approach or attempt at approach of the truck and was struck by the truck while at work pouring oil in the parked automobile. The jury found as a fact that he had not stepped back and in the street when struck.

It may be that the amount of damages is large, but it is quite difficult for the appellate court to say the award made by the jury is grossly excessive. It was in the province of the jury to consider all the factual elements bearing on the injury and its extent, and the care and attention exercised by appellee to attend and nurse it, and to take the view of the evidence that the appellee was seriously and permanently injured solely by reason of being struck by the truck. There is the entire absence of any bias or prejudice appearing on the part of the jury in making the award as done. It is believed after due consideration of the entire record that the appellate court would not be warranted in disturbing the verdict of the jury.

The judgment is affirmed.